NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JOEL VALENZUELA LEON, *Appellant*.

No. 1 CA-CR 14-0454
FILED 4-21-2015

Appeal from the Superior Court in Maricopa County
No. CR2013-421737-004
The Honorable David B. Gass, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Maurice Portley joined.

---

**T H O M P S O N**, Judge:

¶1　　　　This case comes to us as an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Joel Valenzuela Leon (defendant) has advised us that, after searching the entire record, he has been unable to discover any arguable questions of law and has filed a brief requesting that this court conduct an *Anders* review of the record. Defendant has been afforded an opportunity to file a supplemental brief *in propria persona*, but he has not done so.

¶2　　　　On the night of May 13, 2013, border patrol agents discovered fresh footprints in the desert twenty miles south of Gila Bend. Other agents assisted by examining the area with a Forward Looking Infrared camera (FLIR) and thermal technology and identified individuals moving in single file through the desert north of the footprints. The individuals were each carrying a large rectangular backpack. Agents were directed via radio and FLIR toward the individuals. As the pursuing agents approached the individuals, spotting agents observed the individuals go into the brush and exit without their backpacks. Upon arriving at the scene, agents found five makeshift backpacks containing a total of approximately 253 pounds of marijuana. Pursuing agents were then directed toward defendant, who was hiding in the brush a half mile away. Defendant had marks on his body that were consistent with someone who had been carrying a large backpack.

¶3　　　　Defendant was taken to the station and interviewed on the morning of May 14, 2013. After being informed of his rights, defendant admitted he and others were transporting bundles of marijuana. Defendant said he had been told he was going to get paid, but was unsure of the amount. A sheriff's deputy assigned to the case concluded that, based on the quantity and the way it was packaged, the marijuana was possessed for sale.

¶4　　　　The state charged defendant with one count of transporting more than two pounds of marijuana for sale, a class 2 felony. After a jury

trial, defendant was convicted as charged. The court found that defendant had a historical prior felony conviction, sentenced him to a term of seven years of imprisonment, and fined him $137,250. The court gave defendant 392 days of presentence incarceration credit.

¶5　　　　We have read and considered defendant's *Anders* brief, and we have searched the entire record for reversible error. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. We find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentence imposed was within the statutory limits. Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984), defendant's counsel's obligations in this appeal are at an end. Defendant has thirty days from the date of this decision in which to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.

¶6　　　　We affirm the conviction and sentence.



Ruth A. Willingham · Clerk of the Court
FILED: ama